UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

| PIETRO ERNEST TERRELL, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | Case No. 1:08-cv-179 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| CAROL HOWES, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |
| | ) | |

This is a habeas corpus action brought by a state prisoner, through retained counsel, pursuant to 28 U.S.C. § 2254. Petitioner is serving a nonparolable life sentence after his conviction on May 23, 2002, in the Kent County Circuit Court for first-degree, felony murder, MICH. COMP. LAWS § 750.316(1)(b), arising from the robbery and shooting death of Robert Fryling. The amended petition (docket # 5) raises eight grounds for relief. Additionally, petitioner's counsel was allowed to file a supplemental brief on petitioner's Sixth Amendment claim that the jury venire did not reflect a fair cross-section of the community. (docket # 58). Respondent's answer addresses only one of petitioner's claims for relief. Respondent asserts that one of the claims in ground 4 of the amended petition (which raises a due-process challenge on the ground that prosecution of the underlying felony supporting the felony murder conviction was time-barred) is unexhausted in the state courts. On this basis, respondent apparently seeks a dismissal of the entire petition without prejudice under the "total exhaustion" rule of *Rose v. Lundy*, 455 U.S. 509 (1982) (district courts must dismiss mixed petitions without prejudice to allow petitioner to return to state courts to exhaust all claims).

This matter has been referred to me for the issuance of a report and recommendation. Rule 10, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS; 28 U.S.C. § 636(b)(1)(B). Upon review of the record, I conclude that the challenged claim in ground 4 of the amended petition is indeed unexhausted. I conclude, however, that dismissal of this action for purposes of presenting this claim to the state courts would be pointless, because the due-process claim in ground 4 of the amended petition fails to state a claim for federal habeas corpus relief and is meritless. I therefore recommend that the court exercise its discretion under 28 U.S.C. § 2254(b)(2) to deny this claim on its merits, notwithstanding the lack of exhaustion. I further recommend that respondent be ordered to answer all remaining habeas corpus claims, so that they may be promptly adjudicated on their merits.

**Procedural Background**

Although the history of this criminal prosecution is lengthy and convoluted, the issue now before the court requires only a brief recitation. This criminal prosecution arose from the killing of Robert Fryling, a Grand Rapids businessman, on August 18, 1993. Eight years later to the day, petitioner was charged with first-degree felony murder, possession of a firearm during the commission of a felony, armed robbery, and conspiracy to commit armed robbery. The Kent County Circuit Court dismissed the robbery and firearms counts on the basis of the running of the six-year statute of limitations. MICH. COMP. LAWS § 767.24(5). Because a prosecution for murder may be brought at any time, *see* MICH. COMP. LAWS § 767.24(1), the prosecution for first-degree felony murder proceeded. After a month-long trial, a jury found petitioner guilty on May 23, 2002. On July

2, 2002, the Kent County Circuit Court, Honorable Donald A. Johnston presiding, sentenced petitioner to mandatory life in prison without parole.

Petitioner, through counsel, appealed as of right to the Michigan Court of Appeals. His brief raised seven issues for review. The first claim on appeal was a challenge to the sufficiency of the evidence. (*See* Mich. Ct. of App. Record, case no. 243097, docket # 48, Defendant-Appellant's Brief at ii). This claim did not raise the question whether the running of the statute of limitations on prosecution for the underlying felony somehow affected the sufficiency of the evidence to support a felony murder conviction. Rather, petitioner argued that all of the witnesses testifying against him were incredible and complained about the lack of physical evidence tying him to the crime. (*Id.* at 17-20). In a *per curiam* opinion issued June 8, 2004, the Michigan Court of Appeals rejected this and all other appellate claims. The court did, however, remand the case to the circuit court for an evidentiary hearing on the question whether petitioner should be granted a new trial on account of the recantation of one of the trial witnesses, Eddie Crump.

Petitioner filed a *pro se* application for leave to appeal to the Michigan Supreme Court. (*See* Mich. S. Ct. Record, case no. 126397, docket # 49). The court denied the application on January 27, 2005.

After the remand, the state circuit court held an evidentiary hearing, ultimately denying the motion for a new trial on January 31, 2006. Petitioner's counsel sought leave to appeal. On June 29, 2006, the Michigan Court of Appeals denied the delayed application for leave to appeal this decision (Mich. Ct. of App. Record, case no. 269643, docket # 51), and the Michigan Supreme Court denied discretionary review on November 29, 2006. (Mich. S. Ct. Record, case no. 131790, docket # 52).

Petitioner's counsel initiated the present habeas corpus proceeding by petition filed February 22, 2008. (docket # 1). The petition was supported by a 55-page brief, which was the only document containing a statement of petitioner's habeas corpus claims. In ground VIII, petitioner raised a purported due-process claim asserting the running of the statute of limitations on the underlying armed robbery charge that provided the predicate offense for felony murder. (Brief, docket # 2, ID#s 52-55). In support of this claim, petitioner cited only state-law authorities. This claim was not raised in counsel's briefs on either of the previous appeals, nor was it addressed in the *per curiam* decision of the Michigan Court of Appeals.

On March 4, 2008, this court entered an order directing petitioner's counsel to file his petition on the form required by Rule 2(d) of the Rules Governing Section 2254 Cases and this court's Local Civil Rule 5.6(a). The amended petition consolidated petitioner's insufficiency of the evidence claim with his claim concerning the running of the statute of limitations on the underlying felony. The amended petition identifies this newly formulated claim as ground 4: "Petitioner's Right to Due Process violated where there was insufficient evidence to convict him and where there was no underlying felony to support felony murder." (Amended Petition, docket # 5, ID# 567).

On November 5, 2008, respondent filed an answer to the amended petition, addressing only ground 4 of the Amended Petition. In response to ground 4, respondent asserts that the due-process challenge to petitioner's felony murder conviction is unexhausted in the state courts, because it was not presented to the state court of appeals on direct appeal. On this basis, respondent asks that the entire petition be dismissed, apparently under the total exhaustion rule of *Rose v. Lundy*.

**Applicable Standard**

Because petitioner filed his habeas application long after the April 1996 enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA"), the provisions of that law govern the scope of the court's review. *See Penry v. Johnson*, 532 U.S. 782, 791 (2001); *Wilson v. Parker*, 515 F.3d 682, 691 (6th Cir. 2008). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). AEDPA "dictates a highly deferential standard for evaluating state-court rulings which demands that state court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (citations omitted); *see Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774 (6th Cir. 2008). "AEDPA requires heightened respect for state court factual and legal determinations." *Lundgren v. Mitchell*, 440 F.3d 754, 762 (6th Cir. 2006). If a state court adjudicated the claim, deferential AEDPA standards must be applied. 28 U.S.C. § 2254(d); *see Premo v. Moore*, 131 S. Ct. 733, 739 (2011); *Waddington v. Sarausad*, 129 S. Ct. 823, 831 (2009); *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir. 2009) ("'[A]ny claim that was adjudicated on the merits in State court proceedings' is subject to AEDPA deference.") (quoting 28 U.S.C. § 2254(d)).

The AEDPA prevents federal habeas "retrials" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). Section 2254(d) states that an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based

upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Harrington v. Richter*, 131 S. Ct. 770, 785 (2011); *Berghuis v. Thompkins*, 130 S. Ct. 2250, 2259 (2010). "Section 2254(d)(1)'s 'contrary to' and 'unreasonable application' clauses have independent meaning. A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than the [Supreme Court] on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. at 694 (citations omitted). A federal court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions, but unreasonably applies it to the facts of the particular case, or if the state court unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams v. Taylor*, 529 U.S. 362, 407 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair minded jurists could disagree on the correctness of the stat court's decision." *Harrington*, 131 S. Ct. at 786.

## Discussion

The Habeas Corpus Act requires a petitioner to exhaust all available state remedies on every claim. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boeckel*, 526 U.S. 838 (1999). In *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982), the Supreme Court enunciated the "total exhaustion" rule, under which a habeas corpus petition must be dismissed without prejudice if it contains even one unexhausted claim for which review remains open in the state courts. In situations such as the present one, in which the one-year statute of limitations for bringing habeas corpus actions has

clearly elapsed, the district court has discretion to hold the habeas proceeding in abeyance to allow a petitioner to return to state court for purposes of exhausting state remedies. *See Rhines v. Weber*, 544 U.S. 269 (2005). A stay and abatement under *Rhines*, however, is inappropriate where the unexhausted claim is "plainly meritless." 544 U.S. at 277-78; *see* 28 U.S.C. § 2254(b)(1)(2) (habeas corpus claim may be denied on the merits, notwithstanding the failure of applicant to exhaust state remedies). It is doubtful that any state remedies remain open to petitioner on his unexhausted claim. It is not necessary to reach that issue, however, because his due-process challenge to his conviction, arising from the alleged running of the statute of limitations on the underlying felony claim, is plainly meritless.

Petitioner was convicted of first-degree, felony murder. MICH. COMP. LAWS § 750.316. Michigan law defines first-degree, felony murder as "murder committed in the perpetration of, or attempt to perpetrate," an enumerated felony, including robbery. MICH. COMP. LAWS § 750.316(1)(b). The elements of first-degree, felony murder are (1) the killing of a human being, (2) with an intent to kill, to do great bodily harm, or to create a high risk of death or great bodily harm with knowledge that death or great bodily harm is the probable result, (3) while committing, attempting to commit, or assisting in the commission of one of the felonies enumerated in the statute. *People v. Carines*, 597 N.W.2d 130, 136 (Mich. 1999). In the present case, petitioner was convicted of felony murder on the theory that he killed Robert Fryling in the course of an armed robbery. The trial court dismissed the armed robbery charge because it was barred by the six-year statute of limitations, but allowed the felony murder charge to proceed. Petitioner now claims that his due-process rights were somehow violated by a conviction for felony murder in circumstances where prosecution for the underlying felony was time-barred.

It is clear that this claim remains unexhausted in the state courts. Petitioner's brief on direct appeal, filed by counsel, contained a challenge to the sufficiency of the evidence, but never articulated this particular claim. Petitioner himself raised this claim for the first time in a *pro se* application for leave to appeal to the Michigan Supreme Court from the state Court of Appeals. This was plainly insufficient to satisfy the exhaustion requirement. The exhaustion doctrine requires that a petitioner "fairly present" his federal constitutional claims to all levels of the state appellate system. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). This generally requires that the claim be raised before the state intermediate court on an appeal as of right. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Raising a claim for the first time on discretionary appeal to the state Supreme Court does not suffice. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). The Sixth Circuit consistently holds that an issue has not been fairly presented to the state courts for purposes of exhaustion when it is raised for the first time in the state Supreme Court and that court declines to exercise its right to discretionary review. *See, e.g., Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir. 2010); *Farley v. Lafler*, 193 F. App'x 543, 549 (6th Cir. 2006). Under *Castille* and its progeny, therefore, petitioner's due-process challenge must be considered unexhausted, as it was presented only to the state Supreme Court on discretionary review. This renders the petition subject to dismissal under the "total exhaustion" rule of *Rose v. Lundy*.

The district court has discretion, however, to deny unexhausted claims on their merits under 28 U.S.C. § 2254(b)(2). Petitioner's purported due-process claim is meritless. To be entitled to federal habeas corpus relief, a state prisoner must allege violation of some right guaranteed by the Constitution, treaties or laws of the United States. 28 U.S.C. § 2254(a). The federal courts may not grant relief on a claim that a state conviction was obtained in violation of state law. *See Estelle v.*

*McGuire*, 502 U.S. 62, 67-68 (1991). Furthermore, a federal district court's ability to grant habeas corpus relief under 28 U.S.C. § 2254(d)(1) is limited to state court decisions that are contrary to, or involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). Under this standard, the lower court must ground its decision on the "holdings" as opposed to the "dicta," of Supreme Court decisions as of the time of the relevant state-court decision. *Smith v. Anderson*, No. 09-3284, ___ F.3d ___, 2011 WL 475195, at * 3 (6th Cir. Feb. 11, 2011) (citing *Yarborough v. Alvaredo*, 541 U.S. 652, 660-61 (2004)). Petitioner fails this test completely. His counsel's brief in support of the petition fails to cite a single decision of the United States Supreme Court that in any way suggests -- let alone holds -- that a state felony-murder conviction may not be predicated on an underlying felony for which the statute of limitations has expired. This issue appears to frame a pure question of state law. *See Figueroa v. Comm'r of Corr.*, 596 F. Supp. 2d 482, 492 (D. Conn. 2009) (claim that state limitations period barred prosecution is a state-law issue not cognizable on habeas corpus review). Petitioner's claim is not grounded in any clearly established holding of the United States Supreme Court, but frames a novel question of Michigan law.

Although the question raised in the petition was unanswered at the time this case was initiated, it no longer remains so. In *People v. Seals*, 776 N.W.2d 314 (Mich. Ct. App. 2009), the state Court of Appeals addressed the very issue that petitioner now raises, remarking that the question whether a felony murder prosecution may be predicated on an underlying felony for which the statute of limitations had expired "appears to present a question of first impression in Michigan." 776 N.W.2d at 323. Relying on persuasive authority from other states, the Michigan Court of

Appeals held that the running of the statute of limitations on the underlying felony does not bar prosecution for felony murder.

> Michigan's felony-murder statute requires only proof that the murder occurred during the commission of a specified felony. There is no additional requirement that the defendant be *charged and convicted of* the underlying felony. . . . If we were to adopt defendant's position, we would effectively impose a time limit on every felony-murder case, in direct contravention of legislative intent.
>
> * * *
>
> The state's inability to prosecute the predicate crime because of a time limitation has no effect on the question whether the predicate crime was actually committed.

776 N.W.2d at 325. The *Seals* court rejected, on state-law grounds, the precise claim now raised by petitioner in ground 4.

In summary, petitioner's purported due-process claim arising from the running of the statute of limitations is unexhausted in the state courts, frames a pure issue of state law not cognizable in habeas corpus, and, even as an issue of state law, is now foreclosed by state appellate authority. This claim, although unexhausted, should be dismissed on its merits.

**Recommended Disposition**

For the foregoing reasons, I recommend as follows:

A. Petitioner's due-process claim arising from the running of the statute of limitations, identified as ground VIII in his initial brief (docket # 2) and as part of ground 4 in his amended habeas petition (docket # 5) should be dismissed on its merits.

B. The petition itself should not be dismissed under the total exhaustion rule, as all other claims are exhausted.

C. Respondent should be ordered to file an answer to all remaining habeas corpus claims, including the claim framed in petitioner's supplemental brief (docket # 58), within thirty days.


Dated: March 1, 2011                    /s/ Joseph G. Scoville
                                        United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).