UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| PIETRO ERNEST TERRELL, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | Case No. 1:08-cv-179 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| CAROL HOWES, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | |
| | ) | |

This is a habeas corpus action brought by a state prisoner, through retained counsel, pursuant to 28 U.S.C. § 2254. Presently pending before the court is petitioner's motion to expand the record to include three items: an unsigned report from Edward Rothman, Ph.D., concerning a statistical analysis of the Kent County jury pool from the period January 1998 through December 2002; a report and recommendation in *Ambrose v. Booker*, a case pending before the United States District Court for the Eastern District of Michigan; and an order adopting the report and recommendation in the same case. These items relate to petitioner's claim that the jury venire did not represent a fair cross-section of the community. Respondent has answered the motion, objecting only to the expansion of the record to include Dr. Rothman's report.

It is undisputed that the report of Dr. Rothman was not submitted to the state courts on direct appeal in the present case. Although the report is undated, from the text of the report it appears that Dr. Rothman was retained by the Federal Defender's Office to render expert testimony in two habeas corpus actions now pending in the Eastern District that raise issues similar to those

in the present case. The report therefore appears to embody expert testimony submitted for purposes of litigation. The ability of a habeas corpus petitioner to introduce new evidence in support of his habeas corpus petition is significantly circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The Supreme Court has recently underscored the fundamental policy of AEDPA to "strongly discourage" petitioners from submitting new evidence in support of their request for relief in federal court. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1401 (2011). Except in those circumstances allowed by 28 U.S.C. § 2254(e)(2), habeas corpus review is limited to the record that was before the state court. 131 S. Ct. at 1400-01.

The Rules Governing Section 2254 Proceedings in the District Courts contemplate two methods for the introduction of new evidence in support of a habeas corpus petition. One method is under Rule 7(a), which allows the court to direct the parties to expand the record by submitting additional materials relating to the petition. The other method is an evidentiary hearing, authorized by Habeas Rule 8. The provisions of AEDPA significantly limit the circumstances in which a habeas court is allowed to grant evidentiary hearings. 28 U.S.C. § 2254(e)(2). AEDPA provides that the district court shall not hold an evidentiary hearing "if the applicant has failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2). This standard requires the exercise of diligence by a habeas petitioner. *See Williams v. Taylor*, 529 U.S. 420, 432 (2000). If the record shows that petitioner is guilty of a lack of diligence, or some greater fault, in failing to develop the factual basis of the claim in the state courts, then the habeas court is likewise required to deny an evidentiary hearing. 529 U.S. at 432. AEDPA sets forth exceptions to this bar, which apply to new rules of constitutional law, factual predicates that could not have been previously discovered through the exercise of diligence, and facts showing actual innocence by clear and convincing evidence. 28 U.S.C. § 2254(e)(2)(A), (B).

Although section 2254(e)(2) is expressly directed at evidentiary hearings and does not mention motions to expand the record under Rule 7(a), both the Supreme Court and the Sixth Circuit hold that a motion to expand the record under Rule 7(a) must meet the conditions of section 2254(e)(2). In *Holland v. Jackson*, 542 U.S. 649 (2004) (*per curiam*), the Sixth Circuit had granted habeas corpus relief on the basis of a witness statement that did not appear in the state-court record. The Supreme Court held that reliance on the statement was erroneous. The court noted the restrictions that section 2254(e)(2) imposes on the availability of evidentiary hearings in a habeas corpus case. "Those same restrictions apply *a fortiori* when a prisoner seeks relief based on new evidence *without* an evidentiary hearing." 542 U.S. at 653. The lower federal courts, including the Sixth Circuit, likewise hold that a petitioner's effort to expand the record by including affidavits or other documentary evidence must meet the conditions under section 2254(e)(2) for an evidentiary hearing. *See, Landrum v. Mitchell*, 625 F.3d 905, 923-24 (6th Cir. 2010); *Samatar v. Clarridge*, 225 F. App'x 366, 374 (6th Cir. 2007); *see also Rhoades v. Harry*, 598 F.3d 511, 517 (9th Cir. 2010); *Mark v. Ault*, 498 F.3d 775, 788 (8th Cir. 2007) (when petitioner seeks to expand record under Habeas Rule 7, conditions prescribed by section 2254(e)(2) must still be met); *Owens v. Frank*, 394 F.3d 490, 498-99 (7th Cir. 2005); *Cargle v. Mullin*, 317 F.3d 1196, 1209 (10th Cir. 2003) (petitioner's attempt to support his allegations with documentary evidence that was not submitted to state court is subject to the restrictions of section 2254(e)(2)); *Boyko v. Parke*, 259 F.3d 781, 790 (7th Cir. 2001) (section 2254(e)(2) governs "[w]hen expansion of the record is used to achieve the same end as an evidentiary hearing").

Under the foregoing authorities, petitioner's request to support his Sixth Amendment claim with expert witness testimony in the form of a report cannot be granted. Dr. Rothman's report serves the same purpose as testimony at an evidentiary hearing. It would inject into the record facts,

opinions, and statistical analysis not found in the state-court record. To be entitled to supplement the record in this fashion under Rule 7(a), petitioner must meet the conditions prescribed by section 2254(e)(2), even if he does not seek an evidentiary hearing. *Holland*, 542 U.S. at 653. Petitioner has not attempted to meet this burden. His request to supplement the record with Dr. Rothman's report must therefore be denied.[1]

Petitioner also seeks to introduce into the record a report and recommendation and an order entered in an analogous case now pending in the Eastern District. It is not necessary to supplement the evidentiary record with materials of this kind. The court will certainly take into consideration any decision, whether published or unpublished, from the Eastern District of Michigan rendered on the same or similar issues and accord it such weight as it merits. Petitioner's request to supplement the record with these materials will therefore be dismissed as moot.

Dated: May 4, 2011                    /s/ Joseph G. Scoville
                                                    United States Magistrate Judge

---

[1] In reviewing the record in its plenary review of this case, the court will apply the same rule to the numerous other extraneous documents placed in the record by both sides, including newspaper clippings and other items that do not appear in the state-court record.