UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PIETRO TERRELL,

       Petitioner,

v.                                                   Case No. 1:08-CV-179

CAROL HOWES,                       HON. GORDON J. QUIST

       Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On August 3, 2016, Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) recommending that the Court dismiss Petitioner's habeas petition and deny Petitioner a certificate of appealability. In particular, the magistrate judge concluded that: (1) Petitioner failed to demonstrate actual prejudice sufficient to overcome the procedural default on his fair-cross-section claim (R & R at 8–11); (2) Petitioner failed to show a Confrontation Clause violation (*id.* at 15); (3) Petitioner failed to exhaust his claim that his due process rights were violated by an eight-year delay and, therefore, the claim should be dismissed without prejudice (*id.* at 16); (4) Petitioner's claim concerning the erroneous admission of evidence is not cognizable on federal habeas review (*id.* at 18); (5) with regard to Petitioner's claim that he was denied due process when two witnesses admitted after trial that they lied under oath but the trial court refused to grant a new trial, Petitioner failed to show that the trial court's decision to deny a new trial was improper (*id.* at 21); (6) Petitioner failed to show that his due process rights were violated by prosecutorial misconduct (*id.* at 23–24); and (7) Petitioner's due process claim based o the trial court's failure to change venue is procedurally defaulted and fails on the merits (*id.* at 25.)

Petitioner has filed Objections to the R & R, arguing that "[t]he Magistrate's recommendation is contrary to the facts and law as argued by the Petitioner in the prior briefs

submitted for this Court's review," and requesting that the Court issue a certificate of appealability.[1] (ECF No. 88 at PageID.1655.)  After conducting a *de novo* review of the R & R and Petitioner's Objections, the Court concludes that the R & R should be adopted and the petition denied.

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  In addition, Local Rule 72.3(b) requires a party objecting to a report and recommendation to "file and serve written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections."  W.D. Mich. LCivR 72.3(b).  The Sixth Circuit has held that objections to a report and recommendation must be specific.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."  *Drew v. Tessmer*, 36 F. App'x 561 (6th Cir. 2002).

Petitioner has filed general objections failing to specify the portions of the R & R to which he objects.  Petitioner's Objections are nothing more than a general objection that fails to demonstrate any specific error in the R & R's findings, conclusions, or recommendations.  Thus, Petitioner's objection is tantamount to no objection at all.  *Id.*  Accordingly, Petitioner's Objections provide no basis for this Court to reject the R & R.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth

---

[1]On August 19, 2016, Petitioner filed a reply to Respondent's response in which Petitioner sought to supplement his Objections with new arguments.  The Court declines to consider Petitioner's arguments asserted in his reply brief because they are deemed waived.  *See Blandford v. Exxon Mobile Corp.*, 483 F. App'x 153, 161 (6th Cir. 2012) ("This court has consistently held that arguments raised for the first time in a reply brief are waived.").

Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 3, 2016 (ECF No. 87) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objections (ECF No. 88) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**, except that Petitioner's unexhausted third claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.

Dated: August 24, 2016               /s/ Gordon J. Quist
                                     GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE